496 P.2d 709

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**James CUMMINGS, Defendant and Appellant (two cases).**

**Nos. 12408, 12487.**

Supreme Court of Utah.

April 25, 1972.

David P. Rhode, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

After separate trials in the district court, the defendant was found guilty of the crime of robbery in each case. Appeals were taken from the verdict and judgment in each of the cases to this court. Inasmuch as the claimed errors in the cases are similar, we have elected to deal with both cases in a single opinion.

The defendant claims that he was denied due process of law by reason of a line-up held after his arrest where the victim of each of the robberies identified him as the person who committed the crimes. It is the defendant's contention that the line-up procedure conducted by the police was in its totality unnecessarily suggestive and conducive to his being identified as the person who committed the robberies.

In Case No. 12408, one Richard M. Lambert testified that he was employed at a service station at 680 East Fourth South Street in Salt Lake City. On July 29, at approximately 2:00 a. m., a man accosted him with a gun and demanded the money in the till. The man then escorted Lambert to the ladies' rest room at the rear of the building where he tied Lambert up with his belt. While the robber was in the process of tying Lambert, the robber's sleeve moved upward in such a fashion as to expose a scar on the right forearm. After the robber had left the premises Lambert was able to untie himself and to call the police.

In Case No. 12487, one Bryce Nelson testified that he was employed at a service station located at the corner of Ninth South Street and West Temple Street in Salt Lake City. He stated that on August 2, 1970, at approximately 3:30 a. m., he was accosted by a man with a gun who demanded that he open the cash till. Nelson complied with the man's demand that he be handed all of the money in the till. Nelson was escorted to the rest room at the rear of the station where his hands were tied behind his back with his belt. In a few minutes Nelson was able to free himself and to call the police.

The defendant James Cummings was arrested on September 16, 1970, and on the afternoon of that day a line-up was arranged for by the police, and Nelson and Lambert were requested to be present. At the request of the defendant, an attorney from the Legal Defender's office was present. The defendant was identified by both Nelson and Lambert as the man who had committed the robberies we are here concerned with.

As a sole ground for reversal of his convictions the defendant contends that the

line-up procedures were inherently suggestive and points to the fact that he was the only person in the line-up with a scar on his arm. The line-up consisted of seven men other than the defendant and they were all of the Caucasian race. There was a variation of approximately 20 pounds in the weights of those participating. There was some variation in the height of the men participating as well as in their complexions. One of the men had red hair and he was freckled. During the line-up procedure each of the men participating in it was required to repeat certain phrases which had reportedly been used by the man who had committed the robberies during the course of the holdups. The attorney who represented the defendant at the line-up and who testified at the trial stated that other participants appeared to be jovial but that the defendant appeared to be nervous and frightened. A photograph of the line-up is attached to the record as an exhibit. The witness Lambert who testified in the court below stated that the scar on the defendant's arm, which he had noticed at the time of the robbery and which the defendant exhibited at the time of the line-up, was one of the factors which aided in distinguishing the defendant from the other men present at the line-up. He also testified that he recognized the defendant from his voice, his physical features, and from his general appearance. The witness Nelson did not observe the scar and made his identification of the defendant as one who had participated in the robbery wherein he was the victim from his general features and characteristics.

The court below denied the defendant's motion to suppress the evidence of the line-up, and we find insufficient grounds in the record to reverse that ruling.[1] It is quite obvious that in any line-up it would be impossible for the police to have available other persons who possess physical features closely resembling those of the defendant.[2] The record in this case discloses that the procedure at the line-up was not contrived to be unduly suggestive, and it would appear to this court that it was fairly conducted.

We find no error of sufficient gravity to justify a reversal of the defendant's convictions. The verdicts and judgments of the court below are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

2. State v. Ervin, 22 Utah 2d 216, 451 P.2d 372.